UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT E. STEWART, | Case No. 3:14-cv-00519-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

On June 15, 2015, the Court directed Plaintiff to provide an updated address pursuant to Nevada Local Special Rule 2-2 as it appears that Plaintiff is no longer incarcerated. (Dkt. nos. 10/11.) The Court gave Plaintiff thirty (30) days to comply with its order and cautioned that failure to comply may result in dismissal of this action. (*Id.*) The 30-day period has now expired, and Plaintiff has not filed an updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

1  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
2  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
3  Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

4  In determining whether to dismiss an action for lack of prosecution, failure to obey
5  a court order, or failure to comply with local rules, the court must consider several
6  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
7  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
8  favoring disposition of cases on their merits; and (5) the availability of less drastic
9  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833
10 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11 In the instant case, the Court finds that the first two factors, the public's interest in
12 expeditiously resolving this litigation and the Court's interest in managing the docket,
13 weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs
14 in favor of dismissal, since a presumption of injury arises from the occurrence of
15 unreasonable delay in filing a pleading ordered by the court or prosecuting an action.
16 *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public
17 policy favoring disposition of cases on their merits — is greatly outweighed by the factors
18 in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure
19 to obey the court's order will result in dismissal satisfies the "consideration of
20 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;
21 *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an updated
22 address within thirty (30) days expressly stated: "IT IS ORDERED that Plaintiff shall file
23 an updated address with this Court within thirty (30) days from the date of entry of this
24 order. IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order,
25 the Court shall dismiss this action without prejudice." (Dkt. nos. 10/11 at 2.) Thus,
26 Plaintiff had adequate warning that dismissal would result from his noncompliance with
27 the Court's order to file an updated address within (30) days.
28 ///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's June 15, 2015, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 27th day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE